William A. PARISH, Hazel I. Parish, and Bruce Allen Parish, a minor, by and through his next best friend and kin, his father, William A. Parish, Appellants (Plaintiffs below),

v.

Barry HAMMEL, Appellee (Defendant below).

No. 3650.

Supreme Court of Wyoming.

Sept. 16, 1968.

Vincent A. Ross, Cheyenne, for appellants.

Carl L. Lathrop; Lathrop, Lathrop & Uchner, Cheyenne, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE and PARKER, JJ.

Mr. Chief Justice HARNSBERGER delivered the opinion of the court.

Plaintiffs below sought recovery from defendant, claiming they suffered damages while driving or riding in or being the owner of an automobile involved in an accident, claiming defendant was negligent when driving east and making a left turn from 16th Street, a through street running east-west, at its intersection with north-south Seymour Street in Cheyenne, Wyoming, and colliding with the vehicle being driven by plaintiff Hazel I. Parish. A jury denied plaintiffs any recovery, and, judgment being entered accordingly, they have appealed.

As grounds for their appeal plaintiffs contend (1) defendant failed to give signal of intention to make a left turn, (2) defendant did not yield right-of-way to plaintiffs' vehicle which was already in the intersection, (3) defendant did not keep a proper lookout, (4) defendant did not make a proper left turn, and (5) plaintiffs were not guilty of contributory negligence.

There was uncontradicted evidence that the car in which plaintiffs were riding had been parked on 16th Street about six car spaces (approximately 130 feet) east from Seymour Street and that it left its parking space and was traveling west some 15 to 20 miles per hour. Defendant testified he had practically stopped his car at the intersection and then had crossed the "line"

at a point he indicated on an exhibit in evidence as being on or over the center line of the intersection into which he was making his left turn.

There was substantial evidence of an eyewitness that defendant's car was proceeding east in its proper lane on 16th Street; that defendant's car slowed up, cut over across the center line and came practically to a stop; that defendant started his turn and a witness saw the other car (plaintiffs') before the impact when the cars were ten feet apart; that prior to that time the witness had not seen plaintiffs' vehicle; and that defendant's car was half way through the turn when it was struck.

One of the plaintiffs also testified that when the cars met defendant's vehicle was "well into his turn" and that defendant had started into a turn and the front end of his car was over the yellow line.

█ Defendant also testified he usually gave signal when he turned and probably did on this occasion. While plaintiffs testified they saw no such signal and while one other witness who was standing at a window of a building located somewhat near the intersection also said he did not see defendant give any signal, that witness later admitted defendant could have signalled without his seeing it. In the light of these conflicting testimonies, the jury was entitled to conclude defendant had given signal of his intention to make his left turn.

Section 31–118, W.S.1957, C. 1967, provides:

"(a) The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway.

"(b) When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right.

"(c) The right-of-way rules declared in paragraphs (a) and (b) are modified at through highways and otherwise as hereinafter stated in section 63 [§ 31–119], 64 [§ 31–120], 65 [§ 31–121] and 66 [§ 31–122]."

Section 31–119, W.S.1957, C. 1967, provides:

"The driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said driver, having so yielded and having given a signal when and as required by this act, may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield the right-of-way to the vehicle making the left turn."

█ The last-named statute seems to be the nearest applicable to the present case. It imposed upon defendant, when entering the intersection intending to turn left, the duty of yielding the right-of-way to any vehicle approaching from the opposite direction which was within the intersection. Under the evidence no other vehicle was shown to have entered the intersection when entered by defendant. But the statute also says the driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is so close thereto as to constitute an immediate hazard, but having so yielded and having given a signal when and as required by the act, may make such left turn, and the *drivers of all other vehicles approaching the intersection from the opposite direction shall yield the right-of-way to the vehicle making the left turn*. As the jury evidently concluded defendant had complied with the requirements of § 31–119, supra, it was the duty of the plaintiffs to yield to defendant his right-of-way. This was not done.

█ From the evidence adduced, the jury was entitled to believe defendant kept a proper lookout and made a proper left turn.

The jury did not make any finding of negligence on the part of the defendant, yet its verdict clearly implied it was the negligence of the driver of plaintiffs' car which caused the accident.

The verdict of the jury and the court's judgment thereon must be affirmed.

Affirmed.